UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SHIRLEY LINDSAY,<br><br>        Plaintiff,<br><br>    v.<br><br>SHREE ENTERPRISE, LLC, a California Limited Liability Company;<br><br>        Defendant. | No. 2:21-cv-00299-WBS-CKD<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiff Shirley Lindsay ("plaintiff") brought this action against Shree Enterprises, LLC ("defendant") seeking injunctive relief and damages against defendant for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq., and violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51-53. Defendant now moves to dismiss plaintiff's complaint in its entirety. (See "Mot. to Dismiss" (Docket No. 12).)

I.    Factual and Procedural Background

1

Plaintiff is a California resident with physical disabilities who is substantially limited in her ability to walk. (First Am. Compl. ("FAC") at ¶ 1.) (Docket No. 9.) She suffers from arthritis in the hips, knees, and hands and uses a wheelchair, walker, or cane for mobility. (Id.) Defendant Shree Enterprises, LLC owns and operates The Greens Hotel located at 4331 Stockton Boulevard in Sacramento, California. (Id. at ¶ 2.) Plaintiff planned on making a trip to Sacramento in August 2021. (Id. at ¶ 12.) She chose The Greens Hotel because it was at a desirable price and location. (Id. at ¶ 13.) Due to plaintiff's condition, she is unable to or is seriously challenged in her ability to stand, ambulate, reach objects, transfer from her chair to other equipment and maneuver around fixed objects. (Id. at ¶ 14.) Plaintiff requires an accessible guest room and says she needs to be given information about the accessible features in hotel rooms so that she can confidently book these rooms. (Id. at ¶ 15.) On January 19, 2021, plaintiff went to The Greens Hotel reservation website at https://www.thegreensstockton.com seeking to book an accessible room at the location. (Id. at ¶ 16.)

Plaintiff alleges that there was insufficient information about the accessible features in the "accessible rooms" at the hotel to permit her to assess independently whether a given hotel room would work for her. (Id. at ¶ 18.) The hotel website has numerous places where it identifies accessible features that are available but, when it comes to features for any particular or given hotel room, the hotel reservation website system provides no information about the features of the roll-in

2

shower. (Id. at ¶ 19.) The hotel states, for example, that its "Accessible King" bedroom "comes with key accessible features like a roll-in shower" but does not mention any sort of shower or features within the accessible shower. (Id. at ¶ 20.) The hotel provides a closeup photo of the roll-in shower which appears to show blatant violations, clearly demonstrating that the shower is not accessible and would create problems for the plaintiff. (Id.)

Plaintiff alleges that in standard roll-in showers, the shower seat must fold up and cannot be a permanent seat. (Id. at ¶ 21.) Roll-in showers must also have controls, faucets, and shower spray installed on the back wall adjacent to the seat wall and can cannot be further than 27 inches from the seat wall. (Id.) In the picture provided on The Greens Hotel website, the controls and the shower head appear far away from the seat and it does not appear that a wheelchair user using the seat could operate the controls. (Id. at ¶ 22.)

She also alleges that the shower spray unit must be detachable and with a hose at least 59 inches long that can be used as both a fixed-position shower head and as a hand-held shower. (Id. at ¶ 23.) In the photo on The Greens Hotel website, the shower spray unit appears to be fixed, and it does not appear as though a detachable spray unit is provided. (Id.) The hotel's photo of the "accessible bathroom" in the "accessible guestroom" also appears to show a mirror that is unusable by wheelchair users because the bottom edge of the mirror is not below 40 inches from the floor. (Id. at ¶ 24.)

Plaintiff alleges that she was unable to book a hotel

room at The Greens Hotel because she could not book the hotel room with any confidence or knowledge that the hotel room would work for her due to her disability. (Id. at ¶ 25.) Plaintiff alleges that because of the lack of information regarding the accessibility of bathrooms, the conflicting information presented by the photo, and plaintiff's recognition of the actual barriers, she was deterred from booking this room. (Id. at ¶ 26.) Plaintiff says she will continue to travel to the Sacramento area on a regular and ongoing basis and will patronize The Greens Hotel once the defendant has changed its policies to comply with the ADA such that she can determine whether the hotel is physically accessible during the reservation process. (Id. at ¶ 28.)

II. Request for Judicial Notice

Federal Rule of Evidence 201 permits a court to notice a fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See id. In its request for judicial notice in support of its motion to dismiss (Docket No. 12-4), defendant requests that the court take judicial notice of: (1) a copy of The Greens Hotel website "landing page", (2) relevant webpages of The Greens Hotel, (3) a list of lawsuits filed by Shirley Lindsay in the Central and Eastern Districts of California between 2015 and 2020; (4) the Consent Decree in United States v. Hilton Worldwide Inc., No. 10-1924, filed in the District Court of the District of Columbia on November 28, 2010, and (5) the Order in

4

Laufer v. Mann Hospitality, 996 F. 3d 269, 271-74 (5th Cir. 2021).

Plaintiff opposes defendant's request for judicial notice of the website pages proffered by defendant because they are undated and allegedly do not reflect the website that she visited in January 2021. (See Opp'n to Mot. to Dismiss at 1.) (Docket No. 16.) Plaintiff also opposes defendant's request for judicial notice as to plaintiff's litigation history on the grounds that it is not relevant to the issues before the court. (See id. at 2-3.)[1]

In its reply, defendant also asks the court to take judicial notice of several more items. (See Docket No. 17-1.) These include: (1) a series of screen captures from Archive.org's "Wayback Machine" from The Greens Hotel's website on August 6, 2020; (2) a series of screen captures from Archive.org's "Wayback Machine" from The Greens Hotel's website on September 23, 2020; (3) a series of screen captures from Archive.org's "Wayback Machine" from The Greens Hotel's website on November 24, 2020; (4) a copy of the initial disclosures from Shirley Lindsay in this matter; (5) the Order Granting Defendant's Motion to Dismiss in Whitaker v. LL South San Francisco, L.P., Case No. 21-cv-

---

[1] To her opposition plaintiff attaches an undated screenshot of how the "bathroom accessibility" features of the website purportedly looked on January 19, 2021, but does not request that the court take judicial notice of this document. (See Opp'n to Mot. to Dismiss at Ex. 1.) The court will not take judicial notice of plaintiff's undated screenshot because it is not a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201. The court has therefore not taken this "evidence" into consideration in deciding this motion.

00632-HSG, 2021 WL 2291848, at *1-6 (N.D. Cal. June 4, 2021); (6) the Order Granting Defendant's Motion to Dismiss in Rios v. Leadwell Global Property, Case No. 21-cv-00267-PJH, 2021 WL 2207408, at *1-7 (N. D. Cal. June 1, 2021); and (7) the Order Granting Defendant's Motion to Dismiss in Garcia v. Pinnacle 1617, LLC, Case No: 21-cv-00126-CAB-AGS, 2021 WL 1963823, at *1-6 (S.D. Cal. May 17, 2021).

The court declines to take judicial notice of any of the materials submitted by defendant in either its motion or its reply. The court does not find plaintiff's litigation history relevant to this matter; she has already informed the court that she is an "ADA tester", or someone who evaluates and documents the accessibility of businesses and websites to ensure that they comply with the ADA, and her litigation history is not helpful in deciding any of the issues before the court. (See FAC at ¶ 27.) The screenshots of the websites attached to the motion to dismiss are undated, and plaintiff contends that the website has substantially changed since she first visited it in January 2021. (See Opp'n to Mot. to Dismiss at 7-9.)[2]

The court similarly declines to take judicial notice of screenshots of The Greens Hotel website obtained through Archive.org's "Wayback Machine". None of the proffered screenshots date from the relevant time period of January 2021,

---

[2] Garcia v. Sweet 2017, LLC, Case No. 2:20-cv-01281-JAM-DB, 2021 WL 2417139, at * 2 (E.D. Cal. June 14, 2021), cited by defendant in support of its argument that the court could take judicial notice of the defendant's web pages, is distinguishable from the present case because the plaintiff did not challenge the authenticity of the web pages at issue or object to the court taking judicial notice of those web pages. See id. at *2.

6

and the court cannot conclude at this time that the contents of these web pages are "facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b).[3] Accordingly, the court will deny defendant's requests for judicial notice. (See Docket Nos. 12-4; 17-1.)

III. Discussion

Defendant argues that plaintiff lacks standing and the complaint must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). (See Mot. to Dismiss at 6.) Defendant also argues that plaintiff has failed to state a claim as a matter of law and that her complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (See id. at 6-7.) The court will address each argument in turn.

A. Motion to Dismiss under 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs motions for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). To have standing to sue in federal court, a plaintiff must have "(1) suffered an injury in fact, (2) that is

---

[3] At oral argument, defendant emphasized that other district courts have previously taken judicial notice of Arvhive.org's "Wayback Machine" and pointed the court to UL LLC v. The Space Chariot Inc. et al., 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017). To the extent that those cases may be read to be inconsistent with the court's ruling here, this court disagrees with them. Moreover, in UL LLC, the court took judicial notice of pages from the "Wayback Machine" in the context of a motion for summary judgment, not at the motion to dismiss stage. See id. at 596. Moreover, none of the cases cited by UL LLC in support of the proposition that a court may take judicial notice of the contents of web pages from the "Wayback Machine" were in the context of a motion to dismiss. See id. at 604 n.2.

7

fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." See Spokeo v. Robbins, 136 S. Ct. 1540, 1547 (2016)(internal citations omitted).

To establish injury in fact, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "Article III standing requires a concrete injury even in the context of a statutory violation." Id. In the context of injunctive relief, plaintiff must additionally demonstrate "a sufficient likelihood that [she] will again be wronged in a similar way." Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004). The party invoking federal jurisdiction must establish each element with the manner and degree of evidence required at the successive stages of the litigation. See Carrico v. City and Cnty. of San Francisco, 656 F.3d 1002, 1006 (9th Cir. 2011). Accordingly, at the motion to dismiss stage, the court will base its analysis on plaintiff's First Amended Complaint, which the court accepts as true. See id.

Defendant contends that plaintiff has only suffered an "informational injury", not an injury in fact, and therefore lacks standing under the principles set forth by the Supreme Court in Spokeo. (See Mot. to Dismiss at 7-9.) Defendant relies solely on Laufer v. Mann Hospitality, L.L.C., 996 F.3d 269, 271-

274 (5th Cir. 2021) to support its proposition.[4]  In Laufer, the Fifth Circuit found that an ADA tester had not adequately alleged that she had suffered an injury-in-fact to support standing because she visited the hotel's website solely "for the purpose of reviewing and assessing the accessible features at the hotel and ascertain[ing] whether the websites contain the information required by [ADA regulations]."  Id. at 272.  The Fifth Circuit also emphasized that the plaintiff attested only a general intent to visit the area someday, not a specific desire to visit the hotel at issue.  See id.

At least from the allegations of the First Amended Complaint, the facts of this case are distinguishable from those in Laufer in that unlike the plaintiff in Laufer who expressed only a general desire to travel to Texas following the COVID-19 pandemic, see Laufer, 996 F.3d at 272, plaintiff here has stated that she planned to travel to Sacramento, California in August 2021.  (See FAC at ¶ 12.)  She specifically chose The Greens Hotel because it had a desirable price and location.  (See id. at ¶ 13.)  Plaintiff also alleges that she travels frequently and will continue to travel to the Sacramento area on a regular and ongoing basis and seek to patronize this hotel.  (See id. at ¶¶ 27-28.)  The court finds that these allegations sufficiently pleaded a concrete injury-in-fact for standing purposes.

B.  Motion to Dismiss under 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows for

---

[4] The Ninth Circuit has yet to rule on the standing requirements for an ADA violation of the "Reservations Rule" on websites.  (See Mot. to Dismiss at 8.)

9

dismissal when the plaintiff's complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

To succeed on a discrimination claim under Title III of the ADA, a plaintiff must show that "(1) [s]he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodation by the defendant because of [her] disability." See Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 630 F.3d 666, 670 (9th Cir. 2011). The third element is satisfied when the plaintiff can show a violation of accessibility standards. See Rodriguez v. Barrita, Inc., 10 F. Supp. 3d 1062, 1073 (N.D. Cal. 2014). It is the third element that is at issue here because plaintiff asserts that The Greens Hotel's reservation system violates the ADA Reservations Rule by failing to describe the hotel's accessibility features in sufficient detail, thus denying

her public accommodation. (See FAC at ¶ 34.)

Under the "Reservations Rule" promulgated pursuant to the ADA, a hotel's reservation website must "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs. . . ." 28 C.F.R. § 36.302(e)(1)(ii).

The Department of Justice's ("DOJ") so-called "guidance" on the Reservations Rule states:

> The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). . . .
>
> [O]nce reservations are made . . . many individuals with disabilities may wish to contact the hotel or reservations service for more detailed information. At that point, trained staff (including staff located on-site at the hotel and staff located off-site at a reservations center) should be available to provide additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (e.g., bathtub bench). . . .

28 C.F.R. pt. 36, App. A (2010), Title III Regulations 2010

11

Guidance and Section-by-Section Analysis, ("DOJ Guidance"). The DOJ's administrative guidance in interpreting the requirements of the ADA is entitled to deference. See Bragdon v. Abbott, 524 U.S. 624, 646 (1998) ("As the agency directed by Congress to issue implementing regulations . . . to render technical assistance explaining the responsibilities of covered individuals and institutions and to enforce Title III in court, the [Department of Justice's] views are entitled to deference.").

Defendant argues that The Greens Hotel website provides more accessibility information than is required under the "Reservations Rule." (See Mot. to Dismiss at 9.) District courts throughout California have held that the "Reservations Rule" does not require a hotel to include all potentially relevant accessibility information on its website. See Barnes v. Marriott Hotel Servs., Inc., No. 15-cv-01409-HRL, 2017 WL 635474 at *10 (N.D. Cal. Feb. 16, 2017) (finding website with ADA designation and general "accessible room" designations appropriate and acceptable under the DOJ's guidance); see Rutherford v. Evans Hotels, LLC, 2020 WL 5257868, at *17 (S.D. Cal. Sept. 3, 2020) ("[J]ust because [plaintiff] would like additional details does not mean that he is entitled to it under Section 36.302(e)(1)(ii)").

However, at least one district court in California has held that although a website need not address every potential accessibility issue, that does not mean that it does not need to describe any potential issue, or only those that the DOJ Guidance notes may be sufficient. See Garcia v. Patel & Joshi Hosp. Corp., Case No. EDCV 20-2666 JGB (PVCx), 2021 WL 1936809, at *4

(C.D. Cal. Mar. 19, 2021). The Garcia court noted that the DOJ Guidance states that because "there are wide variations in the level of accessibility that travelers will encounter," the DOJ does not "specify what information must be included in every instance." Id. The Garcia court therefore concluded that, as pleaded, the plaintiff's case might be one instance where additional information was needed even if it complied with information that the DOJ Guidance has stated "might be sufficient" in some cases. Id. at 5-6.

This court cannot determine on a motion to dismiss whether The Greens Hotel website actually provided sufficient information under the "Reservations Rule" because (1) the court cannot take judicial notice of the screenshots of the hotel's webpages proffered by defendant, and (2) the regulation itself requires an assessment of reasonableness which is characteristically a question for the trier of fact rather than the court to determine. Therefore, taking plaintiff's allegations to be true and construing reasonable inferences in the light most favorable to plaintiff, the court finds that plaintiff plausibly alleges that The Greens Hotel website did not "describe accessible features. . . in enough detail to reasonably permit [her] to assess independently" whether the hotel rooms meet her accessibility needs. See 28 C.F.R. § 36.302(e)(1)(ii). The court will accordingly deny defendant's motion to dismiss plaintiff's second claim under the California Unruh Civil Rights Act predicated on the alleged underlying ADA violation.

IT IS THEREFORE ORDERED that defendant's motion to dismiss, (Docket No. 12), be, and the same hereby is, DENIED.

13

Dated: July 1, 2021

/s/ William B. Shubb
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE